UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

National Union Fire Insurance                   Case No. 16-cv-482 (PAM/SER)
Company of Pittsburgh, PA,

                    Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

Viracon, Inc.,

                    Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss or, in the alternative, to Stay.  For the following reasons, the Court grants the Motion in part and denies it in part.

## BACKGROUND

Defendant Viracon, Inc., is an Owatonna, Minnesota-based company that manufactures architectural glass.  Viracon's insulated glass products, called IGUs, are used primarily for the curtain walls of commercial buildings.  (Am. Compl. ¶ 1.) Beginning in approximately 2006, Viracon secured comprehensive general liability ("CGL") insurance through Plaintiff National Union Fire Insurance Company of Pittsburgh.  (Id. ¶ 73.)  From 2006 to 2009, Viracon also had commercial umbrella liability insurance with a claims-made "Re-Work" endorsement through National Union. (Id. ¶¶ 77, 82.)

Viracon is a named Defendant in three recently filed state-court lawsuits relating to its IGUs.  These lawsuits involve (1) the InterContinental Hotel in San Francisco (id. Ex. D); (2) a mixed-use building in Portland, Oregon, owned by a company called 12W (id. Ex. G); and (3) a condominium building at One York Avenue in New York City (id. Ex. A).  Viracon also received notice of potential defects in its IGUs for a life-sciences building at Johns Hopkins University.  (Id. Ex. J.)  The parties refer to this claim as the Forest City claim because the developer of the office park in which the building is located is the Forest City – New East Baltimore Partnership.  The three lawsuits and the Forest City claim all allege, among other things, defects in the manufacture and/or performance of the IGUs.  The lawsuits are still in the discovery stage.  According to Viracon, it has confidentially settled the Forest City claim.

Viracon tendered the defense of the InterContinental and 12W lawsuits to National Union, which is defending under a reservation of rights.  Viracon also asked National Union to defend the One York lawsuit and Forest City claim, but National Union denied coverage and refused to defend.  National Union then brought this declaratory judgment action seeking a declaration that it is not obligated to defend and/or indemnify Viracon in any of the four proceedings.  Specifically, National Union asks for a declaration that it is not obligated to defend either the One York lawsuit (Count I) or the Forest City claim (Count III), and that it has no duty to indemnify Viracon in any of the proceedings under the CGL policy (Counts II, IV, V, VI), or under the umbrella policies (Count VII) or the

Re-Work coverage endorsement in the umbrella policies (Count VIII).[1]   National Union

makes no claim regarding its duty to defend the 12W or InterContinental lawsuits.

In this Motion, Viracon argues that National Union's claims in this matter are

either moot or premature, and asks the Court to dismiss the lawsuit or to stay it pending

the outcome of the underlying litigation.

## DISCUSSION

### A.      Duty to Defend – One York & Forest City

Viracon argues that National Union's claims are moot as to its duty to defend

these two matters because Viracon does not contend that National Union has the duty to

defend the One York lawsuit, and the Forest City claim has settled with no involvement

of National Union for either defense or indemnity.  In response, National Union hedges

its bets, stating that it might be willing to dismiss its claims related to the defense of One

York and the defense and indemnity of Forest City if it can reach a "formal agreement"

with Viracon regarding these two proceedings.  (Def.'s Opp'n Mem. at 6 n.1.)  But

Viracon's statements to the Court in its briefing that it is not seeking defense or

indemnity for these proceedings binds Viracon to that position.  Thus, no "formal

agreement" is necessary to ensure that Viracon does not later attempt to claim defense or

indemnity for the proceedings.

There is no case or controversy as to National Union's duty to defend the One

York lawsuit or the Forest City claim, nor is there a case or controversy as to National

---

[1] The Amended Complaint contains two Count VIIs.  The Court will refer to the second
Count VII as Count VIII.

3

Union's duty to indemnify Viracon for the Forest City claim.  The Counts raising these claims—Counts I, III, and IV—are therefore dismissed.

## B.     Duty to Indemnify – Re-Work endorsement

Viracon avers that it does not seek any coverage whatsoever under the Re-Work coverage endorsement in the umbrella policies.  National Union's protestations notwithstanding, Viracon's briefing on this issue binds Viracon to that position.  Thus, National Union's claims regarding this coverage endorsement (Count VIII) are dismissed as moot.

## C.     Duty to Indemnify

Viracon contends that National Union's duty to indemnify Viracon for any liability in the three lawsuits cannot be decided until Viracon is held liable in these lawsuits.  National Union argues that courts routinely determine insurance coverage and indemnity issues before the underlying liability is fixed.

This case arises in a unique procedural posture.  In the usual insurance-coverage case, the Court is asked to determine whether the insurer has a duty to defend.  Only if the insurer has the duty to defend does the question of the duty to indemnify arise, because the duty to defend is broader than the duty to indemnify.  Meadowbrook, Inc. v. Tower Ins. Co., 559 N.W.2d 411, 415 (Minn. 1997); see also Fairview Health Servs., Inc. v. Christian Cmty. Homes & Servs., Inc., Nos. 05cv195, 05cv688, 2005 WL 5015391, at *2 (D. Minn. Oct. 14, 2005) ("If there is no duty to defend, then there is likely no duty to indemnify.").  There is little caselaw that directly illuminates the issues here, because nearly all of the decisions the parties cite involve determinations that there is no duty to

defend and thus necessarily no duty to indemnify.  It is a rare case where the insurer agrees to defend but challenges indemnity before the underlying liability is established.

But regardless of the case's procedural posture, Viracon's argument regarding ripeness and factual development is incorrect.  Indeed, the Eighth Circuit Court of Appeals has explicitly stated, "[i]n the insurance policy coverage context, a declaratory judgment action is ripe irrespective of whether the underlying litigation is ongoing or resolved."  Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC, 620 F.3d 926, 934 (8th Cir. 2010); see also Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 243 (1937) (rejecting contention that declaratory judgment action is not ripe because it turns on questions of fact).  Or, stated another way, the insured "has made a demand on [the insurer] and [the insurer] has contended that there are no circumstances under which it can owe [the insured] any money.  The lines are drawn, the parties are at odds, the dispute is real."  Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992).  This is precisely the situation the Declaratory Judgment Act was intended to address.  Counts II, V, VI, and VII are ripe and Viracon's Motion to Dismiss these counts is therefore denied.

## D.    Motion to Stay

In the alternative to dismissal, Viracon asks the Court to stay this matter until resolution of the underlying lawsuits.  The Declaratory Judgment Act contemplates that a court's decision on a request for a declaration is not mandatory, providing that a court "may declare the rights and other legal relations of any interested party."  28 U.S.C. § 2201(a) (emphasis added).  The Supreme Court has recognized that "district courts

5

possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). Whether declaratory relief is appropriate "will depend upon a circumspect sense of [a case's] fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 243 (1952).

In this case, although the Court has the jurisdiction to entertain the parties' dispute, the complexity and the preliminary nature of the underlying lawsuits weigh in favor of the Court temporarily staying its hand pending further development in the underlying litigation. Factual development of the claims and defenses in those lawsuits will allow the parties to more specifically determine whether the insurance policies provide coverage to Viracon. Moreover, given that National Union is already providing a defense in two of the cases, and that Viracon is not seeking any defense from National Union in the third case, a stay of the matter poses no material harm to National Union's interests.

**CONCLUSION**

National Union's claims regarding its duty to defend the One York lawsuit and to defend and indemnify the Forest City proceeding, as well as its claim regarding its duty to indemnify under the Re-Work coverage endorsement in the umbrella policies, are moot. Its remaining claims, however, present a justiciable controversy, but a stay of this

matter is appropriate pending further development in the underlying lawsuits. Accordingly, **IT IS HEREBY ORDERED that**:

1.      Viracon's Motion to Dismiss or to Stay (Docket No. 13) is **GRANTED in part** and **DENIED in part**;

2.      Counts I, III, IV, and VIII of the Amended Complaint (Docket No. 9) are **DISMISSED**; and

3.      This case is **STAYED** for a period of one year, after which the parties shall report to the Court on the status of the underlying cases and the propriety of continuing the stay.


Dated:  September 26, 2016          _s/Paul A. Magnuson_
                                       Paul A. Magnuson
                                       United States District Court Judge